UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


EDWARD GWILLIM,

        Plaintiff,

        v.

COMMISSIONER, Social
Security Administration,

        Defendant.

Civil No. 05-1366-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

        Plaintiff Edward Gwillim (plaintiff) brings this action pursuant to § 405(g) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) that denied his application for disability insurance benefits (DIB). Plaintiff seeks Judgment awarding plaintiff the benefits he seeks.

        This matter has been taken under advisement. After reviewing the record of this case fully, this court concludes that the Commissioner's decision must be remanded for further proceedings.

## BACKGROUND

1 - OPINION AND ORDER

Plaintiff filed an application for the DIB at issue on April 5, 2000. Transcript of Record (hereinafter "Tr.") 90. His application alleged disability commencing February 19, 2000, stemming from chronic right Achilles tendinosis and chronic cervical strain. Tr. 91, 135. After this claim was denied initially and upon reconsideration, plaintiff requested a hearing. Tr. 77-80, 83-87. An Administrative Law Judge (ALJ) conducted a hearing reviewing this denial on March 19, 2002. Tr. 465-512.

On April 24, 2002, the ALJ issued a decision concluding that plaintiff was ineligible for DIB because he had the residual functional capacity (RFC) to perform a reduced range of light work, and because there are significant numbers of jobs in the national economy that he could perform. Tr. 376-94.

Plaintiff sought review of this decision and submitted additional evidence to the Appeals Council. On November 21, 2002, the Appeals Council remanded the case for another hearing. Tr. 402-04. A second hearing was held on November 18, 2004. Tr. 513-39. On March 25, 2005, the ALJ issued another decision concluding that plaintiff was not disabled. Tr. 17-32. This decision became the Commissioner's final decision upon the Appeals Council's subsequent denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff then filed a Complaint seeking this court's judicial review.

## **STANDARDS**

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. Each step is potentially dispositive. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines whether the claimant is performing substantial gainful activity (SGA). If claimant is performing SGA, the claimant is not disabled. 20 C.F.R. §§ 404.1520(4)(I), 404.1520(b), 404.1571, 404.1574(a). If the ALJ so finds, the ALJ proceeds no further. *Yuckert*, 482 U.S. at 140.

If the claimant is not performing SGA, the ALJ proceeds to step two, at which the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month duration requirement. 20 C.F.R. §§ 404.1509; 404.1520(4)(ii). If the claimant does not have such a severe impairment, he or she is not disabled. *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 404.1520(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's RFC. The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), Social Security Ruling (SSR) 96-8p. The ALJ uses this information to determine (at step four) if the claimant can perform his or her past relevant work at step four, or (at step five) perform work in the national economy.

As noted, if proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-42; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. 404.1520(a)(4)(v).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. However, if the process reaches step five, the burden shifts to the Commissioner to show that jobs exist in the national economy within the claimant's RFC. *Id.* If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g).

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 USC § 405(g); *Batson v. Comm'r of Social Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (substantial evidence means more than a mere scintilla but less than a preponderance; such relevant evidence as a reasonable mind might accept as adequate to support a conclusion).

The ALJ is responsible for determining credibility and resolving conflicts and ambiguities in the evidence. *Batson*, 359 F.3d at 1193. The Commissioner, not the reviewing court, must resolve conflicts in the evidence. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted); *see also Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the

ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *see also Benton*, 331 F.3d at 1035 (the Commissioner's decision must be upheld in instances in which the evidence would support either outcome).

## ALJ'S FINDINGS

At step one the ALJ found that plaintiff had not engaged in SGA since the alleged onset of disability.  Tr. 22, Finding 2.

At step two, the ALJ found that plaintiff had severe impairments, including Achilles tendonosis post-surgery and remote cervical strain.  Tr. 22, Finding 3.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment.  Tr. 25, Finding 4.

At step four, the ALJ found that plaintiff was unable to perform his past relevant work. Tr. 29, Finding 8.

The ALJ so found after determining that plaintiff has the RFC to perform lifting at the light exertional level, but must avoid being on his feet cumulatively for more than one hour during an eight-hour workday and must have the ability to frequently change position.  Tr. 29, Finding 7.

At step five, the ALJ found that plaintiff has the RFC to perform work existing in significant numbers in the national economy, including jobs as a bindery machine feeder, electronics worker, folder machine operator, document preparer, and patcher.  Tr. 30, Finding 13.

## ANALYSIS

5  - OPINION AND ORDER

Plaintiff argues that the ALJ erred in determining that plaintiff's severe impairments or combination of impairments did not meet or equal a listed impairment. This court agrees.

As noted above, at step three of the disability analysis, the ALJ must determine whether a claimant's impairment meets or equals an impairment contained in the Listing of Impairments (Listings) enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listings describe the symptoms, signs, and laboratory findings that comprise the characteristics of each listed impairment. The ALJ must "evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

Plaintiff asserts that his impairments should have been found to meet or equal Listings 1.02 or 1.03. The required level of severity to meet Listing 1.02 is established when there is "involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively." 20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 1.02. Listing 1.03 requires a claimant to establish "reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively . . . [,] and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." § 1.03.

The regulations define an inability to ambulate effectively as an "extreme limitation of the ability to walk." § 1.00b(1). Effective ambulation requires the ability to "sustain[] a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living," including the ability to "walk a block at a reasonable pace on rough or uneven surfaces." § 1.00b(2).

6  - OPINION AND ORDER

The ALJ found that plaintiff's Achilles tendonosis was not severe enough to meet a listed requirement because "it is evident that the claimant is not unable to ambulate effectively." Tr. 25.

However, the ALJ failed to address evidence that plaintiff's impairments preclude him from walking on rough or uneven surfaces. Plaintiff testified that although he could walk up to two blocks on flat ground, "if I have to walk like on an incline or a steep grade, then it's very difficult, much more difficult for me to walk." Tr. 485. Plaintiff's wife collaborated this, stating, "I would say that [plaintiff] could walk a block and a half, two blocks with pushing it, and if there's any incline at all, it's best that he not even attempt it." Tr. 502.

The medical evidence supports plaintiff's and his wife's testimony. Doctor Jones, an orthopedic specialist who performed multiple surgeries on plaintiff, and Dr. Goodman, a medical expert, as well as examining state agency physicians all opined that plaintiff's impairments either limit him to sedentary work because of his problems with walking and standing. Tr. 243-50, 254, 273, 275-76, 280, 282. Doctor Jones opined that plaintiff will probably need to wear an ankle-foot orthotic brace at all times, or at least intermittently, for the rest of his life. Tr. 254. Doctor Goodman, who testified at plaintiff's hearing, specifically identified Listing 1.02 as the category at issue for plaintiff as a result of his impairments. Tr. 524-25.

Since the opinion that plaintiff is limited to sedentary work was shared by all of the physicians in the record, the ALJ was required to put forth clear and convincing reasons in order to reject that opinion. *See Andrews*, 53 F.3d at 1041 (clear and convincing reasons are required to reject an examining physician's uncontradicted opinion).

The ALJ discounted the opinions of Drs. Jones and Goodman on grounds that they relied on plaintiff's self-reporting and conflicted with plaintiff's testimony regarding his limitations and daily activities. It is true that the ALJ could properly disregard these opinions if they were based on plaintiff's self-reporting, and if the ALJ properly discredited plaintiff. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ may properly disregard a medical opinion, even the opinion of an examining source, which is based on the self-reporting of a properly discredited claimant).

However, regardless of whether plaintiff was discredited, this court is unable to conclude that the uncontradicted medical opinions regarding his limitations are based upon his self-reporting. Doctor Jones' opinion referred to the deterioration and limited range of motion and mobility that he observed in plaintiff's ankle joint while treating plaintiff. Tr. 203, 258, 282. Similarly, Dr. Goodman relied on his medical knowledge of Achilles tendonosis to explain how it causes the calf muscles to pull on the ankle joint, which in turn causes pain and impairs the ability to stand or walk. Tr. 524-25. Based on their own observations and knowledge, both doctors opined that working or standing will cause further deterioration in plaintiff's ankle joint.

The ALJ also erred by failing to discuss or explain the weight given to the opinions of the state agency physicians, Drs. Alley and Jensen, who agreed with Drs. Jones and Goodman that plaintiff's impairments limit him to sedentary work. Tr. 243-50. An ALJ may not ignore the findings of fact made by state agency medical consultants and physicians, and must explain the weight given to these opinions in their decision. *See* SSR 96-6p.

In sum, the bulk of the evidence suggesting that plaintiff cannot ambulate effectively necessitates more than the dismissive boilerplate statement offered from the ALJ concluding that

plaintiff does not meet or equal a listed impairment under Listing 1.02 or 1.03. *Lewis*, 236 F.3d at 512. Accordingly, the ALJ's finding at step three is not supported by substantial evidence, and this case must be remanded.

The United States Supreme Court has recognized two kinds of remands permitted under 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 101-03 (1991). A court may issue what is referred to as a "sentence four" remand in instances in which the Commissioner has erred in its prior consideration of the claimant's application for benefits. *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Under a "sentence six" remand, by contrast, the court may remand without making a determination as to the correctness of the Commissioner's decision. *Id*. (citing *Melkonyan*, 501 U.S. at 100).

Whether to remand under sentence four is a matter of judicial discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). A remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The rule recognizes "the importance of expediting disability claims." *Id*. In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves. *Id*.

The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman*, 211 F.3d at 1179. This court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful, and this case must be remanded for additional administrative

proceedings addressing plaintiff's medical evidence regarding his medical history and disability during the relevant period.

Specifically, plaintiff and the Commissioner shall develop the record regarding plaintiff's ability to ambulate effectively. Upon remand, the ALJ is instructed to obtain updated medical records concerning plaintiff's disabilities and shall provide plaintiff an opportunity to submit additional medical evidence in support of his assertions regarding his impairments.

Additionally, the ALJ shall give full consideration to all of the medical evidence, including the opinions proffered by Drs. Jones, Goodman, and the state agency physicians regarding plaintiff's impairments. The ALJ and medical experts who participate in analyzing the evidence of plaintiff's ambulation ability shall identify, address and evaluate each of the medical opinions and reports presented. The court is confident that this analysis will be conducted in accordance with the guidelines and legal authorities applicable to the consideration of such evidence.

## **CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner regarding plaintiff Edward Gwillim's application for DIB must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Opinion and Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this    2    day of February, 2007.

                                              /s/ ANCER L. HAGGERTY
                                               ANCER L. HAGGERTY

United States District Judge

11 - OPINION AND ORDER